**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT BELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:26-cv-03296-SRB-P |
| | ) | |
| ASHOKKUMAR CHADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Robert Bell, Jr., a convicted state prisoner confined at South Central Correctional Center, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.

### I.      Filing Fee and Three-Strikes Status

Plaintiff seeks leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, a prisoner may not bring a civil action in forma pauperis if, on three or more prior occasions while incarcerated or detained, he brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff acknowledges he has had a case dismissed based on the three-strikes rule. Doc. 1 at 17-18. Court records also reflect that Plaintiff has accumulated three or more strikes under § 1915(g). *See Bell v. Phillippe*, Case No. 6:26-cv-03026-SRB-P, Doc. 4 (W.D. Mo. Jan. 26, 2026).

The imminent-danger exception is construed narrowly. To qualify for the exception, a prisoner must allege specific facts showing that he was under imminent danger of serious physical injury at the time he filed the complaint. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past danger are insufficient. *Ashley*, 147 F.3d at 717. However, the exception may apply where a prisoner alleges an ongoing serious medical condition, infection, or denial of treatment creating a risk of serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002).

Although Plaintiff is a three-striker and a frequent filer, his allegations are sufficient, at this preliminary stage, to satisfy the imminent-danger exception. Plaintiff alleges that, when he filed this action, he had an ongoing infection in his right leg and foot, an abscess and cellulitis, a

recent open incision, continued drainage, and a risk of losing his leg or suffering other serious harm. Doc. 1 at 5-12, 14. Plaintiff further alleges he received emergency treatment at Texas County Medical Center on May 4, 2026, where the abscess was opened or drained and he received antibiotics. *Id*. at 7-8. Plaintiff signed the Complaint on May 10, 2026, and the Complaint was filed on May 14, 2026. *Id*. at 20. These allegations are sufficiently specific and current to permit Plaintiff to proceed *in forma pauperis* under the imminent-danger exception in § 1915(g).

This finding is limited to the filing-fee issue. It does not determine whether all of Plaintiff's claims survive review under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff remains obligated to pay the full $350.00 filing fee in installments pursuant to 28 U.S.C. § 1915(b). The agency having custody of Plaintiff shall submit monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account each time the account balance exceeds ten dollars, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Standard

Because Plaintiff proceeds *in forma pauperis* and is a prisoner seeking relief from governmental actors, the Court must review the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

To survive initial review, the Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court liberally construes pro se pleadings, but a pro se complaint must still allege facts sufficient to state a claim as a matter of law. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     Complaint

Plaintiff asserts this claim against Defendants Dr. Ashokkumar Chada, Dr. Charles Scott, Michael Shewmaker, and Centurion Correctional Medical Services. Doc. 1. Plaintiff alleges he has suffered for years from swelling, pain, drainage, abscesses, cellulitis, and infection in his right leg and foot. *Id*. at 5-8. Plaintiff alleges Defendant Chada has been his medical provider for many years and has diagnosed his condition as edema, but Plaintiff contends Defendant Chada has failed to provide proper medical treatment for his ongoing infection and swelling. *Id*. at 5-7. Plaintiff alleges that, in late April and early May 2026, an abscess in his right leg opened or burst, he was

2

taken to Texas County Medical Center on May 4, 2026, the abscess was opened or treated, and he received antibiotics. *Id*. at 7-8. Plaintiff alleges that, after returning from the hospital, his incision remained open and continued draining. *Id*. at 7-8, 11-12.

Plaintiff also alleges that prison policy requires him to walk approximately one-quarter mile to the medical department or pharmacy to obtain treatment and medication. *Id*. at 6. Plaintiff alleges this requirement is painful and dangerous because of his swollen, infected leg, and he alleges he may receive a conduct violation if he does not go to medical or obtain his medications. *Id*.

Plaintiff includes allegations about Dr. Scott and medical treatment from 2011 and 2012. *Id*. at 8-10. Plaintiff also discusses a prior lawsuit, *Bell v. Scott*, No. 4:12-cv-559-JAR, in which summary judgment was entered against him. *Id*. at 10, 18. Plaintiff seeks monetary damages and other relief. *Id*. at 12-14.

**IV.     Analysis**

Having granted Plaintiff leave to proceed *in forma pauperis*, the Court now reviews the Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Plaintiff's Eighth Amendment deliberate-indifference claim against Defendant Chada in his individual capacity survives initial review. The Eighth Amendment requires prison officials and prison medical providers to provide constitutionally adequate medical care and prohibits deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state a deliberate-indifference claim, a plaintiff must allege facts showing he had an objectively serious medical need and that the defendant actually knew of, but deliberately disregarded, that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Liberally construed, Plaintiff alleges Defendant Chada knew Plaintiff had an ongoing, serious infection or abscess in his right leg and foot, that the condition recently required emergency treatment and antibiotics, and that Defendant Chada failed to provide constitutionally adequate treatment despite the continued open wound, drainage, and risk of serious harm. At this early stage, those allegations are sufficient to permit Plaintiff's Eighth Amendment individual-capacity claim against Defendant Chada to proceed.

Plaintiff's official-capacity claim for prospective injunctive relief against Defendant Shewmaker may also proceed. Plaintiff alleges an ongoing risk of serious physical injury from prison policies or practices that allegedly interfere with his access to medical treatment and

medication. To the extent Plaintiff seeks prospective relief directed at ongoing prison practices, the official-capacity claim against Defendant Shewmaker may proceed at this stage. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). Plaintiff's official-capacity claims for monetary damages against Defendant Shewmaker, however, are dismissed. A suit against a state official in his official capacity is treated as a suit against the State itself, and neither a State nor its officials acting in their official capacities are "persons" subject to damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Plaintiff fails to state an individual-capacity Eighth Amendment claim against Defendant Shewmaker. To state an individual-capacity claim under § 1983, Plaintiff must allege facts showing each defendant's personal involvement in, or direct responsibility for, the alleged constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). A supervisor may not be held liable under § 1983 on a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Plaintiff alleges prison policy requires him to walk approximately one-quarter mile to obtain medical treatment and medication despite his serious leg condition, pain, swelling, and infection. He further alleges that he may receive a conduct violation if he does not make the walk. However, Plaintiff does not allege facts showing Defendant Shewmaker personally denied him medical treatment, personally required him to walk to the medical department or pharmacy, knew of Plaintiff's specific medical condition and deliberately disregarded it, or was personally involved in any medical decision. Plaintiff's individual-capacity claim against Defendant Shewmaker is therefore dismissed without prejudice.

Plaintiff's claims against Defendant Scott are dismissed. Plaintiff's allegations against Defendant Scott concern medical treatment from 2011 and 2012. These allegations involve past conduct, are unrelated to the imminent danger that permits Plaintiff to proceed *in forma pauperis*, and do not state a timely claim in this action. Section 1983 claims are governed by the forum state's personal-injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Missouri, the applicable limitations period is five years. Mo. Rev. Stat. § 516.120(4); *Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir. 2005), vacated on other grounds, 552 U.S. 1142 (2008). Plaintiff filed this case in May 2026, long after the alleged 2011 and 2012 events. In addition, Plaintiff acknowledges he previously litigated claims arising from that same period in *Bell v. Scott*, No. 4:12-cv-559-JAR, and that summary judgment was entered against him. Doc. 1 at 10, 18. Plaintiff may not use this case to relitigate previously adjudicated claims or revive untimely claims from more than a decade

4

ago.

Plaintiff's claims against Centurion Correctional Medical Services are dismissed. A private corporation acting under color of state law cannot be held liable under § 1983 on a respondeat superior theory. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993); *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). To state a claim against Centurion, Plaintiff must allege that a Centurion policy, custom, or official action caused a constitutional violation. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Sanders*, 984 F.2d at 976. Plaintiff alleges disagreement with medical treatment decisions and generally refers to customs or policies, but he does not identify a specific Centurion policy, custom, or deliberately indifferent corporate practice that caused the alleged denial of treatment. Plaintiff's claims against Centurion are therefore dismissed without prejudice.

Plaintiff's official-capacity claims against Defendants Chada and Scott are also dismissed. To the extent Defendants Chada and Scott are employees or agents of Centurion, official-capacity claims against them are treated as claims against Centurion. Because Plaintiff fails to state a plausible policy-or-custom claim against Centurion, the official-capacity claims against Defendants Chada and Scott are dismissed without prejudice.

Plaintiff's claims for intentional infliction of emotional distress are dismissed without prejudice. Intentional infliction of emotional distress is a state-law tort claim, and Plaintiff's conclusory references to emotional distress do not state a separate federal constitutional claim. To the extent Plaintiff attempts to assert a state-law tort claim, he does not allege facts showing extreme and outrageous conduct separate from his constitutional medical-care allegations, nor does he allege facts sufficient to support a plausible claim for intentional infliction of emotional distress.

Plaintiff's First Amendment and religious-freedom claims are dismissed without prejudice. Plaintiff generally alleges that Defendants violated his "religious/spiritual" rights, but he does not allege facts showing that any defendant substantially burdened a sincerely held religious belief, prevented him from engaging in religious exercise, or treated him differently because of his religion. Conclusory references to religion or spirituality are insufficient to state a claim.

Plaintiff's due process claims are also dismissed without prejudice. Plaintiff does not allege facts showing he was deprived of a protected liberty or property interest without constitutionally adequate process. To the extent Plaintiff's due process theory is based on medical treatment, prison

5

policy, or possible conduct violations, those allegations are properly analyzed under the Eighth Amendment at this stage.

Finally, Plaintiff's allegations about past medical treatment, past grievances, prior lawsuits, and prior harm are dismissed to the extent he seeks relief based on those matters. The imminent-danger exception permits Plaintiff to proceed *in forma pauperis* based on his current allegations of ongoing infection and risk of serious physical injury, but it does not revive untimely claims, authorize relitigation of previously adjudicated claims, or allow unrelated past allegations to proceed. Plaintiff also fails to state a claim based on the handling of prior grievances because inmates do not have a constitutional right to a prison grievance procedure or to a particular response to grievances. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## V.        Notice of Mediation

This case may be scheduled for mediation at any time. The parties are encouraged to provide their position regarding mediation by completing the enclosed mediation request form and returning it to the address listed on the form. There is no deadline for doing so. However, whether this case is selected for mediation is initially at the MAP Director's discretion. If the MAP Director schedules this case for mediation, it does not necessarily indicate that either party has requested mediation.

## VI.       Motion for Appointment of Counsel (Doc. 5)

Plaintiff filed a Motion for Appointment of Counsel (Doc. 5) requesting the Court appoint counsel to represent him in this case. However, because the record is not sufficiently developed to determine whether appointment of counsel is warranted and Plaintiff has demonstrated an ability to litigate this case, the motion is denied without prejudice. Plaintiff is advised that "[t]here is no constitutional right to appointed counsel in civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edington v. Missouri Dept of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). Rather, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982).

## VII.      Conclusion

Accordingly, it is **ORDERED** that:

(1)       Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED pursuant to the imminent-danger exception in 28 U.S.C. § 1915(g);

(2)     the agency having custody of Plaintiff will be required to forward to the Clerk of Court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time the amount in that account exceeds $10 until the balance of the $350 filing fee is paid;

(3)     Plaintiff's Eighth Amendment deliberate-indifference claim against Defendant Dr. Ashokkumar Chada in his individual capacity and Plaintiff's official-capacity claim for prospective injunctive relief against Defendant Michael Shewmaker may proceed;

(4)     Plaintiff's claims against Defendant Dr. Charles Scott and Defendant Centurion Correctional Medical Services are DISMISSED without prejudice. Plaintiff's official-capacity claims against Defendants Dr. Ashokkumar Chada and Dr. Charles Scott, individual-capacity claims against Defendant Michael Shewmaker, official-capacity claims for monetary damages against Defendant Michael Shewmaker, intentional-infliction-of-emotional-distress claims, First Amendment claims, religious-freedom claims, due process claims, claims based on past medical treatment from 2011 and 2012, claims based on prior grievances, and claims seeking to relitigate prior lawsuits are also DISMISSED without prejudice;

(5)     Centurion of Missouri, LLC shall notify the Court, in writing, within thirty (30) days from the date of this Order, whether it will waive service of process for Defendant Dr. Ashokkumar Chada;

(6)     the Missouri Department of Corrections shall notify the Court, in writing, within thirty (30) days from the date of this Order, whether it will waive service of process for Defendant Michael Shewmaker;

(7)     Defendants Dr. Ashokkumar Chada and Michael Shewmaker shall answer or otherwise respond, pursuant to Federal Rules of Civil Procedure 4 and 12, within sixty (60) days from the date of this Order if service of process is waived, or within twenty-one (21) days after service of process if service of process is not waived; and

(8)     Plaintiff's Motion for Appointment of Counsel (Doc. 5) is DENIED without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated:  May 27, 2026

7